**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,**
**WESTERN DIVISION**

CLARA OWENS PLAINTIFF

VERSUS CIVIL ACTION NO. 5:07cv110-DCB-JMR

JAMES J. DAVID DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Plaintiff's Motion to Remand [**docket entry no. 5**]. Having reviewed the Motion, memoranda, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds as follows:

**I. FACTS AND PROCEDURAL HISTORY**

On April 23, 2007, the plaintiff (a domiciliary of Natchez, Mississippi) filed an action against the defendant (a domiciliary of Vidalia, Louisiana) in the County Court of Adams County, Mississippi, based upon events which allegedly transpired on July 30, 2005, in a K-Mart parking lot in Natchez, Mississippi. (Compl. ¶ 3.) Specifically, the plaintiff claims that the defendant "negligently caused or allowed a vehicle driven by him to collide with a vehicle in which the Plaintiff was a passenger, proximately causing injuries to the Plaintiff." (Compl. ¶ 3.) Consequently, the plaintiff purportedly "suffered serious and painful injuries to her body[,]" "endured pain (past, present, and future)," "incurred and will continue to incur medical, hospital, drug and other

related expenses (past, present, and future)," and "has sustained a loss of enjoyment of life and has sustained a loss of earning capacity." (Compl. ¶ 4.) As redress for these injuries, the plaintiff requests "judgment of and from the Defendant in a sum not to exceed the jurisdictional amount of this Court." (Compl. ¶ 5.)

On May 23, 2007, the defendant filed a Notice of Removal with the United States District Court for the Southern District of Mississippi, Western Division pursuant to 28 U.S.C. §§ 1441 and 1446, wherein he asserted that the Court possessed original jurisdiction predicated upon diversity of citizenship under 28 U.S.C. § 1332. (Def.'s Not. Remov. ¶ 4.) Specifically, the defendant posited that the matter was "a civil action wherein the matter in controversy may exceed the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states[.]" (Def.'s Not. Remov. ¶ 3.)

On July 12, 2007, the plaintiff filed a Motion to Remand this action to the County Court of Adams County, Mississippi. (Pl.'s Mot. Remand 1.) That Motion is now before the Court.[1]

## II. ANALYSIS

In support of her Motion, the plaintiff asserts that her

[1] In its Order to Show Cause of September 13, 2007, the Court required the defendant to demonstrate within ten days why the Court has subject matter jurisdiction over the present action. The defendant's timely response to the Order was filed on September 18, 2007, and the contents thereof will be fully considered in the resolution of the plaintiff's Motion.

counsel informed the Court in a Case Management Conference held on July 9, 2007 that the amount in controversy does not exceed $75,000.00. (Pl.'s Mot. Remand 1.) Therefore, argues the plaintiff, this Court lacks subject matter jurisdiction, and remand of the case to the County Court of Adams County, Mississippi is required. (Pl.'s Mot. Remand 1.)

In response, the defendant claims that by requesting a "judgment . . . in a sum not to exceed the jurisdictional amount of [the County Court of Adams County, Mississippi]"[2] in her complaint, the plaintiff stated a specific amount which is in excess of the $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332. Therefore, according to the defendant, "the Plaintiff bears the burden to prove, to a legal certainty, that her claims really do not exceed the amount in controversy, in order to effectuate remand." (Memo. Opp. Pl.'s Mot. Remand 4.) The defendant asserts that the statement that the amount in controversy in this case does not exceed $75,000.00 made by the plaintiff's counsel to the Court at the July 9, 2007 Case Management Conference does not deprive the

---

[2] Mississippi Code Annotated § 9-9-21 (2003) provides in pertinent part:

> (1) The jurisdiction of the county court shall be as follows: It shall have jurisdiction concurrent with the justice court in all matters, civil and criminal of which the justice court has jurisdiction; and it shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($200,000.00) . . . .

Court of subject matter jurisdiction because jurisdiction is determined at the moment of removal. (Memo. Opp. Pl.'s Mot. Remand 5.) Consequently, remand is improper because the plaintiff has not otherwise carried her "burden of proving to a legal certainty that her damages do not exceed $75,00.00." (Memo. Opp. Pl.'s Mot. Remand 5.)

Pursuant to 28 U.S.C. § 1332, an action between completely diverse parties is properly before a federal district court if "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs . . . ." "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.00." Garcia v. Koch Oil Co. of Tex., Inc., 351 F.3d 636, 638 (5th Cir. 2003). Removing parties, as the ones seeking federal fora, bear this burden of demonstrating that jurisdiction exists. Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005). "To determine whether jurisdiction is present for removal, [a court] consider[s] the claims in the state court petition as they existed at the time of removal. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (internal citations omitted).

In this case, the removing defendant has shown that there is

essentially no question that the plaintiff and defendant are completely diverse, given that the plaintiff is domiciled in Mississippi and the defendant is domiciled in Louisiana. However, whether the amount in controversy exceeds $75,000.00 is a matter lacking in equal clarity.

As a general rule, "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" Garcia, 351 F.3d at 638 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). However, "'[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount." Id. (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). Thus, the dispositive issue presented by the Motion now before the Court is whether the plaintiff's plea for "judgment of and from the Defendant in a sum not to exceed the jurisdictional amount of this Court[]" in paragraph five of her state court complaint is a demand for a specific amount of damages. For the following reasons, the Court is of the opinion that the answer is in the negative.

First, no particular numerical figure is listed in the complaint. Consequently, in the most hypertechnical sense no specific amount of damages is sought by the plaintiff. Second (and eminently more reasonably), the Court understands paragraph five of the plaintiff's complaint to request a judgment that does not

exceed $200,000.00, which is the maximum amount in controversy that a Mississippi County Court may adjudicate. Miss. Code Ann. § 9-9-21. Even so, the plaintiff does not identify whether she is seeking a dollar amount between $.01 and $75,000.00 or between $75,000.01 and $200,000.00; rather, she only places a ceiling on the amount that she seeks so as to comply with the jurisdictional requisites of the County Court of Adams County, Mississippi. In the broadest sense, such a limitation is specific insofar as it defines amounts which the plaintiff is not seeking. However, a greater degree of specificity is needed as to the amount actually sought in order for this Court to assure itself of jurisdiction. In other words, the Court must be sufficiently persuaded that the plaintiff is seeking damages between $75,000.01 and $200,000.00 rather than between $.01 and $75,000.00. Because paragraph five of the plaintiff's complaint is reasonably and equally susceptible to both inferences, the Court concludes that she has alleged an indeterminate amount.[3]

The defendant's reliance upon De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) ("De Aguilar II") is misplaced, and the Court does not deem that case to be controlling upon the instant matter. In De Aguilar II (decided when § 1332 required the amount in controversy to be in excess of $50,000.00), the United States

[3] This decision is in keeping with the Fifth Circuit's construal of ambiguities against removal. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Court of Appeals for the Fifth Circuit noted that the plaintiff's pleading of "no recovery in excess of $50,000.00" was a claim for a specific amount of damages.  The court stated that it "regard[ed] such a complaint as more like a claim for one sum rather than a claim for an unlimited or an unspecified amount of damages; to reason otherwise would put form over substance."  47 F.3d at 1408.

The defendant urges the Court that the same reasoning is applicable in this matter:  when a plaintiff (such as Owens) requests all sums below a certain amount ($200,000.00), the claim is really for one specific sum.  While this position has some initial appeal, a careful reading of De Aguilar II shows that the analogy does not stretch so far.

The Fifth Circuit further explained that "[a]s a functional matter, plaintiffs are attempting to avoid federal jurisdiction. This goal is the same whether they pick a number such as $49,999 or merely announce a ceiling that, conveniently, is barely within the statutory limit."  Id.  In De Aguilar II, the entire range of possible amounts from $.01 to $50,000.00 was below the jurisdictional threshold.  Thus the "no recovery in excess of $50,000.00" sought in De Aguilar II was specific because there were no amounts beneath that figure that could have conceivably given rise to federal diversity jurisdiction.  The plaintiffs in that case "labored to specify one 'magic' number in their complaint" so that the amount in controversy did not exceed the statutory minimum

and that federal jurisdiction did not lie. Id.

Here, conversely, the plaintiff was clearly not attempting to evade federal jurisdiction because she did not name a ceiling of $75,000.00 in damages. Rather, the plaintiff demanded a judgment in an amount inclusive of figures both above and below the jurisdictional minimum of § 1332. For this reason, the amount in controversy (as well as the existence of federal jurisdiction) is unknown given the equal potentiality of either set of values.

Because the Court finds that the plaintiff does not allege a specific amount of damages, the defendant must show by a preponderance that the amount in controversy exceeds $75,000.00. Garcia, 351 F.3d at 638-39. The defendant may carry this burden in one of two ways.

"First, jurisdiction will be proper if 'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].'" Id. at 639 (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)). The Court does not believe that it is facially apparent from the plaintiff's complaint that the $75,000.00 claim threshold has been surpassed. In the concise five paragraphs of the complaint, the plaintiff only alleges that the defendant's vehicle struck a vehicle in which she was riding in a parking lot and that she suffered serious and painful injuries to her body as a result. (Compl. ¶¶ 3-4.) The damages alleged are pain, medical, hospital, drug, and other

related expenses (past, present, and future) and a loss of enjoyment of life and wage earning capacity. (Compl. ¶ 4.) Such paucity of detail and generic descriptions make the amount in controversy difficult to ascertain. The defendant himself states that the plaintiff's allegations are for damages which "may exceed [the] minimum jurisdictional amount of this Court . . . ." (Def.'s Not. Remov. ¶ 3.)[4] In light of the Fifth Circuit's construal of ambiguities against removal jurisdiction and because the Court (as well as the defendant) is unable to comfortably say that the face of the plaintiff's complaint indicates an amount in controversy in excess of $75,000.00, the defendant has failed to sustain his burden on this basis.

Alternatively, "[i]f the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the *facts* — [either] in the removal petition [or] by affidavit — that support a finding of the requisite amount.'" Id. The defendant has not presented an affidavit to this Court providing any factual support for an amount in controversy in excess of $75,000.00. Similarly, in his Notice of Removal, the defendant fails to identify any relevant facts which would indicate that the § 1332 threshold is surpassed.

Consequently, because the defendant has not shown by a

[4] The defendant has advanced no other arguments that it is facially apparent from the complaint that the amount in controversy exceeds $75,000.00.

preponderance that the amount in controversy exceeds $75,000.00, the Court finds that it lacks subject matter jurisdiction over the action and must remand the case to the County Court of Adams County, Mississippi pursuant to the command of 28 U.S.C. § 1447(c).[5]

**III. ORDER**

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Remand [**docket entry no. 5**] is **GRANTED**.

**SO ORDERED**, this the 29th day of October, 2007.

s/ David Bramlette
UNITED STATES DISTRICT JUDGE

[5] The Court reaches this conclusion without giving any consideration to the post-removal statement made by the plaintiff's counsel regarding the amount in controversy at the July 9, 2007 Case Management Conference. At this juncture, only the claims of the plaintiff in her complaint as they existed at the time of removal are appropriate for determining the propriety of jurisdiction.